~~Jason M. Drangel (JD 7204)~~
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:   (212) 292-5390
Facsimile:   (212) 292-5391
*Attorneys for Plaintiffs
Palace Skateboards Group and
~~GSLT Holdings Limited~~*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-2-24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PALACE SKATEBOARDS GROUP and GSLT HOLDINGS LIMITED,

*Plaintiffs*

v.

A5DHGATES, BEIDHGATE, BRANDFACTORYSELLER, BUFEN, BUSHU, BUYCHEAPDOORS, BUYLINNIAOS, CJJDHGATEBAGS, DHGATEJJJ, DHGATEYUNWAN, EXTREMELY_COLD_PLACE, FENGXIDHGATE, FUSHANCHEN, GOODSUGOODS, GUOZHENDHGATE, HONESTTRADE688, JAMYDHHATEUUS, JDELECTRONIC6, JJKINGS, JUBU, LING16888, LING1888, LING188866, LUANDHGATES, MIMIKU, MMDHGATES, NEWCLOTHESJJ, NEWTIMESDHGATES, PPDHGATES, QIYUE02, SONGDHGATES, TAOBAO_INTERNATIONAL, TOM_COSTUME, XDHGATESX and YDHGATEYS,

*Defendants*

CIVIL ACTION NO.
21-cv-3949 (LAK)

~~[PROPOSED]~~
FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER

## GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Palace** | Palace Skateboards Group | N/A |
| **GSLT** | GSLT Holdings Limited | N/A |
| **Plaintiffs** | Palace and GSLT | N/A |
| **Defendants or Defaulting Defendants** | a5dhgates, beidhgate, brandfactoryseller, bufen, bushu, buycheapdoors, buylinniaos, cjjdhgatebags, dhgatejjj, dhgateyunwan, extremely_cold_place, fengxidhgate, fushanchen, goodsugoods, guozhendhgate, honesttrade688, jamydhhateuus, jdelectronic6, jjkings, jubu, ling16888, ling1888, ling188866, luandhgates, mimiku, mmdhgates, newclothesjj, newtimesdhgates, ppdhgates, qiyue02, songdhgates, taobao_international, tom_costume, xdhgatesx and ydhgateys | N/A |
| **DHgate** | Dunhuang Group d/b/a DHgate.com, an online marketplace and e-commerce platform which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their wholesale and retail products originating from China directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on May 3, 2021 | 1 |
| **Complaint** | Plaintiffs' Complaint filed on May 4, 2021 | 10 |
| **Application** | Plaintiffs' *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on May 4, 2021 | 13-15 |
| **Hussey Dec.** | Declaration of Thomas Hussey in Support of Plaintiffs' Application | N/A |
| **Drangel Dec.** | Declaration of Jason M. Drangel in Support of Plaintiffs' Application | 14 |

i

| | | |
|---|---|---|
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on May 20, 2021 | 16 |
| **PI Order** | July 1, 2021 Preliminary Injunction Order | N/A |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as DHgate, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Palace Products** | A London-based skateboard shop and clothing brand, which focuses on skate wear with heavy 1990s and pop culture influences alongside VHS style marketing found online or in Palace's four international stores, including, London, Los Angeles, New York and Tokyo, where it releases new products every Friday morning across its Spring/Summer/Autumn/Winter/Holiday seasons. | N/A |
| **Palace Marks** | U.S. Trademark Registration Nos.: 5,225,520 for "PALACE" for goods in Classes 18, 25, 28 and 35; 5,197,782 for "PALACE SKATEBOARDS" for goods in Classes 28 and 35; 4,762,471 for " [triangle logo with PALACE SKATEBOARDS] " for goods in Classes 18, 25 and | N/A |

ii

| | | | |
|---|---|---|---|
| | 28; 6,055,983 for " [PALACE logo] " for goods in Class 25; 5,711,377 for " [PALACE triangle logo] " for goods in Class 25; 5,220,519 for " [P logo] " for goods in Classes 18, 25, 28 and 35; 6,254,169 for "PALACE" for goods in Classes 35 and 41; and 6,254,168 for " [PALACE triangle logo] " for goods in Classes 35 and 41 | | |
| **Counterfeit Products** | Products bearing or used in connection with the Palace Marks, and/or products in packaging and/or containing labels bearing the Palace Marks, and/or bearing or used in connection with marks that are confusingly similar to the Palace Marks and/or products that are identical or confusingly similar to the Off-White Products | | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | | N/A |
| **Financial Institutions** | DHgate (*e.g.*, DHpay.com), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") | | N/A |
| **Third Party Service Providers** | Online platforms, including, without limitation, those owned and operated, directly or indirectly by DHgate, as well as any and all as yet undiscovered online | | N/A |

| | | |
|---|---|---|
| | marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | |
| **Plaintiffs' Motion for Default Judgment** | Plaintiffs' Motion for Default Judgment and a Permanent Injunction Against Defendants filed on October 1, 2024 | TBD |
| **Futterman Aff.** | Affidavit by Danielle S. Futterman in Support of Plaintiffs' Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiffs for the entry of final judgment and permanent injunction by default against Defendants for Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defendants' unauthorized use of Plaintiff's Palace Marks without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Danielle S. Futterman in support of Plaintiffs' Motion for Default Judgment and a Permanent Injunction Against Defendants, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. Defendants' Liability

1) Judgment is granted in favor of Plaintiffs as to the First and Second Causes of Action pleaded in the Complaint (trademark counterfeiting and trademark infringement).

## II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiffs have sufficiently set forth the basis for the statutory damages award requested in their Motion for Default Judgment, the Court awards Plaintiffs Seventy-Five Thousand Dollars ($75,000.00) ("Defendants' Individual Damages Award") in

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

1

statutory damages against each of the thirty-five (35) Defendants pursuant to 15 U.S.C. § 1117(c) of the Lanham Act, as well as post-judgment interest at the statutory rate set forth in 28 U.S.C. § 1961(a).

### III. Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defendants, their respective officers, agents, servants, employees, and all persons acting in concert with Defaulting Defendants or any of them who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

   B. directly or indirectly infringing in any manner Plaintiffs' Palace Marks;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Palace Marks to identify any goods or services not authorized by Plaintiffs;

   D. using Plaintiffs' Palace Marks, or any other marks that are confusingly similar to the Palace Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

   E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised,

marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiffs;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants ~~must~~ shall deliver up for destruction to Plaintiffs any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendants that infringe Plaintiffs' Palace Marks, or bear any marks that are confusingly similar to the Palace Marks pursuant to 15 U.S.C. § 1118;

### IV. Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiffs' judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

### V. Miscellaneous Relief

1) ~~Any failure by Defaulting Defendants to comply with the terms of this Order may be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court;~~

3

2) The Court releases the Ten Thousand U.S. Dollar ($10,000.00) security bond that Plaintiffs submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

3) This Court ~~shall~~ retains jurisdiction over this matter and the parties in order to construe and enforce this Order.

4) The Clerk shell terminate any outstanding motions and close the case.

**SO ORDERED.**

SIGNED this 2ℓ day of October, 2024, at 10:00 a.m.

_____
HON. LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

4